UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

LEON JOHNSON                                CIVIL ACTION NO. 04-2563

versus                                      JUDGE HICKS
                                            **REFERRED TO:**
COMMISSIONER OF THE SOCIAL                  **MAGISTRATE JUDGE HORNSBY**
SECURITY ADMINISTRATION

## MEMORANDUM RULING

**Introduction**

Leon Johnson ("Plaintiff") filed an application for disability benefits in 2001. That claim was denied by ALJ Nancy Griswold, based on a finding that Plaintiff had the residual functional capacity ("RFC") to perform medium work activity, reduced by an inability to perform continuous overhead lifting with the left upper extremity. A vocational expert ("VE") testified that a person with that RFC and Plaintiff's vocational factors could perform jobs such as dining room attendant, bartender helper and counter-supply worker that exist in significant numbers in the national economy. Tr. 17-26. The Appeals Council denied review. Plaintiff appealed to this court, which affirmed the Commissioner's decision in 04 CV 545.

Plaintiff filed this application in 2003, a few months after the ALJ denied the first application. A hearing was held before ALJ Charles Lindsay, who denied the claim (for reasons discussed below). Tr. 326-32. The Appeals Council denied review, and Plaintiff

sought the limited judicial review permitted by 42 U.S.C. § 405(g). Both parties filed written consent to have a magistrate judge decide the case, and this matter was automatically referred to the undersigned pursuant to 28 U.S.C. § 636(c) and a standing order of the district court regarding social security cases. For the reasons that follow, the Commissioner's decision will be affirmed.

**The ALJ's Decision**

The ALJ analyzed the claim pursuant to the five-step sequential analysis set forth in 20 C.F.R. § 416.920 (regulations governing claims for Supplemental Security Income) and described in <u>Barnhart v. Thomas</u>, 124 S.Ct. 376, 379-80 (2003). Plaintiff was 55 years old at the time of his hearing, and he has a twelfth grade education and past work experience that includes employment as a car handler and lumber stocker. He alleges disability due to lipoma, back surgery, and leg/back pain.

The ALJ found no evidence that Plaintiff had been working since his alleged onset date (step one), and he determined that the medical evidence reflected severe impairments (step two) in the form of leg/back pain and shoulder pain, but that the impairments were not severe enough to meet or medically equal a listing (step three) that would end the analysis in Plaintiff's favor.

The ALJ then reviewed the medical evidence and assessed Plaintiff's credibility. He concluded that Plaintiff retained the RFC to perform a full range of medium work, but with the following non-exertional limitations: The claimant can frequently climb, balance, stoop,

kneel, crouch and crawl. He cannot perform continuous lifting overhead with his left upper extremity. The claimant is moderately limited in his ability to maintain attention and concentration for extended periods (with moderate meaning there are some moderate limitations, but the claimant can still perform the task satisfactorily). Tr. 329.

VE Joni Crayton testified that Plaintiff's past relevant work was heavy in nature, and that his RFC would no longer permit him to perform that work. Tr. 671. Based on that evidence, the ALJ ruled that Plaintiff could not perform his past relevant work (step four) and proceeded to step five. Tr. 329.

The Medical-Vocational Guidelines could not be used to direct a decision in this case because Plaintiff had non-exertional impairments. The ALJ observed that, if the Guidelines were looked to as a framework for a decision, Rule 203.11 would indicate that a person with an RFC for medium work and Plaintiff's age, education and work skills is not disabled. Because of the non-exertional impairments, the ALJ looked to additional evidence in the form of the VE's testimony. The VE opined that a person with Plaintiff's vocational factors and RFC could perform the demands of jobs such as floor waxer and counter-supply worker, both of which are medium, unskilled positions that exist in significant numbers in the relevant economies. Tr. 674. Accordingly, the ALJ found that Plaintiff was not disabled.

**Standard of Review; Substantial Evidence**

This court's standard of review is (1) whether substantial evidence of record supports the ALJ's determination, and (2) whether the decision comports with relevant legal

standards. Villa v. Sullivan, 895 F.2d 1019, 1021 (5th Cir. 1990). "Substantial evidence is more than a scintilla and less than a preponderance. It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Muse v. Sullivan, 925 F.2d 785, 789 (5th Cir. 1991). A finding of no substantial evidence is justified only if there are no credible evidentiary choices or medical findings which support the ALJ's determination. Johnson v. Bowen, 864 F.2d 340, 343-44 (5th Cir. 1988).

**Analysis**

Plaintiff's statement of errors are that (1) the ALJ did not have substantial evidence to support his decision and (2) the ALJ failed in his duty as it relates to the burden on the agency to show that there are jobs available in significant numbers that Plaintiff could maintain. Plaintiff does not point to any particular factual mistakes or legal errors committed by the ALJ. He does disagree with the ALJ's determination that Plaintiff's testimony was a "overstatement" of his subjective symptoms. An ALJ's findings on credibility of the claimant and the debilitating effect of subjective symptoms, based on his first-hand observation of the claimant, are particularly within his province and entitled to judicial deference. Johnson v. Bowen, 864 F.2d 340, 347 (5th Cir. 1988); Falco v. Shalala, 27 F.3d 160, 164 (5th Cir. 1994). The objective medical evidence, including the opinion of a consultative physician and a state agency physician, were fully supportive of the ALJ's discounting of Plaintiff's subjective complaints.

One of those consultative opinions was from Dr. Edwin Simonton, Jr., an orthopedic

specialist who examined Plaintiff in May 2003. Dr. Simonton conducted a physical examination that revealed a full range of motion in the shoulders and elbows, good grip strength in both hands, and normal gait and stance. An x-ray of the lumbar spine and left shoulder revealed no fractures or significant problems. Dr. Simonton concluded: "This man does not present clinical or radiographic evidence of orthopedic illness or injury which would prevent his returning to gainful employment." Tr. 418-19.

Plaintiff urges that Dr. Simonton's finding should be discounted because he is a "very elderly doctor" (since deceased) and has a history of issuing similar findings following consultative examinations. The ALJ has the task of assessing the credibility of medical experts and weighing their opinions. Scott v. Heckler, 770 F.2d 482, 485 (5th Cir. 1985). There is no basis for this court to set aside the Commissioner's decision based on Plaintiff's general complaint that Dr. Simonton tended to issue findings that were not favorable to most claimants.

Plaintiff also argues that it is not likely that the jobs identified by the VE would be available in a rural area such as Heflin, Louisiana, where Plaintiff resides. The regulations are not designed to award disability based on whether a particular claimant can actually find and be hired for a certain job in the place where he lives. Rather, the regulations deem a person not disabled if he retains the RFC to perform the functional demands and job duties of past relevant work or other work that exists in the national economy and exists in significant numbers in the regional economy. The ALJ may look to sources such as the Dictionary of Occupational Titles or a VE to find the ordinary requirements of a job and

whether statistical or other evidence shows it is available in significant numbers in the relevant economy. The inability of a particular claimant to find that job in his neighborhood or community is not relevant. If that were not the rule, persons who live in isolated areas or areas of high unemployment would be disabled, when a person suffering the same or greater limitations in a more urban or economically fortunate area would be denied benefits. The regulations specifically state that a person will be found not disabled if his RFC and vocational abilities make it possible for him to do work which exists in the national economy even if the claimant remains unemployed because of his inability to get work, lack of job openings, cyclical economic conditions, or lack of work in the claimant's local area. 20 C.F.R. § 404.1566 and 416.966; Pekrul v. Barnhart, 2005 WL 3032460 (5th Cir. 2005)(ALJ did not have to find jobs existed in county where claimant resided if significant numbers of jobs existed in the state).

Plaintiff complains that the ALJ failed to follow the requirements set forth in Newton v. Apfel, 209 F.3d 443 (5th Cir. 2000), but he does not identify the treating physician's opinion that he contends was improperly discounted nor does he otherwise explain the contention. In any event, there is first-hand medical evidence, such as the opinion from Dr. Simonton, that supports the ALJ's decision. The six-factor Newton review is required only when there is an absence of competing first-hand medical evidence. Frank v. Barnhart, 326 F.3d 618, 620 (5th Cir. 2003); Nall v. Barnhart, 78 Fed. Appx. 996 (5th Cir. 2003).

Finally, Plaintiff makes a general complaint that there is no way that he would be able to maintain a job eight hours a day, five days a week, even if he obtained one. Plaintiff's argument about maintaining work invokes the Fifth Circuit's Singletary decision, which interpreted disability under the Act to apply to cases in which a person is capable of working for short periods but can not *maintain* a job because his impairment flares up too often. Singletary does not, however, require every decision by an ALJ include a separate finding

regarding the claimant's ability to maintain a job. <u>Frank v. Barnhart</u>, 326 F.3d 618, 621 (5th Cir. 2003). An ALJ's finding that a claimant can perform a certain level of work necessarily includes a finding that he is able to perform at that level not just intermittently but eight hours a day, five days a week. A separate and express finding regarding maintaining work is required only when the claimant's ailment "waxes and wanes in its manifestation of disabling symptoms." <u>Id</u>. <u>See</u> also <u>Dunbar v. Barnhart</u>, 330 F.3d 670 (5th Cir. 2003). The ALJ's basic decision with respect to disability was upheld above, and there is no indication in this record that a separate finding with regard to maintaining employment was required.

**Conclusion**

The Commissioner's decision is supported by substantial evidence. Any conflicts in the evidence have been resolved by the ALJ, which is a role properly entrusted to him under the relevant law. <u>See</u> <u>Daugherty v. Barnhart</u>, 2006 WL 83370 (5th Cir. 2006) ("Conflicts in the evidence are to be resolved by the Commissioner, not the courts."). Plaintiff has not identified any factual or legal errors that would permit judicial intervention under 42 U.S.C. § 405(g), so a judgment affirming the Commissioner's decision will be entered.

THUS DONE AND SIGNED at Shreveport, Louisiana, this 1st day of February, 2006.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE